UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MURLIN R. PHILLIPS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-196-SPM |
| CORIZON HEALTH, INC., et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court upon review of the amended complaint, pursuant to 28 U.S.C. § 1915A.[1] Plaintiff, an inmate at the Southeast Correctional Center ("SECC"), brings this civil action pursuant to 42 U.S.C. § 1983 against Corizon Health, Inc., Rachel Leijai, Rebecca Patterson, Bruce Hannabrank, and Jason Lewis. He states he sues the individual defendants in an official and individual capacity.

According to the amended complaint, plaintiff is a disabled inmate who is housed in SECC's Enhanced Care Unit ("ECU"). Briefly, plaintiff alleges that, because he is disabled, he is kept confined to his cell for most of the day, where he can only sit on his bunk or sleep excessively. Non-disabled inmates housed in the ECU are not confined in this manner, and are free to participate in the prison's programs and activities. His cell is also smaller than the cells of non-disabled inmates. Plaintiff qualifies for honor wing status, but cannot have such status and remain housed in the ECU, while non-disabled inmates housed in the ECU do not have this restriction. Plaintiff alleges that he was told that if he requested honor status, he would have to give up the assistance he needs because of his disability. Plaintiff characterizes this as being

---
[1] On November 8, 2017, plaintiff paid the full $400 filing fee.

forced to choose between participating in the programs, activities and services available at the prison, and having the help he needs due to his disability. Plaintiff alleges that, because he is disabled, he has only limited time to shower and use the telephone, and is not given the chance to engage in the programs and activities that are available at the prison.

**Discussion**

The Eighth Amendment prohibits "cruel and unusual punishments," and requires that prison officials provide humane conditions of confinement. U.S. CONST. AMEND. VIII; *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A conditions of confinement claim based on prison conditions requires a showing of: (1) a deprivation of a minimal civilized measure of life's necessities, and (2) deliberate indifference by prison officials to those basic needs. *See Rhodes v. Chapman*, 452 U.S. 337 (1981). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Bahl v. County of Ramsey*, 695 F.3d 778, 783 (8th Cir. 2012) (citing 42 U.S.C. § 12132). In order to state a claim under Title II of the ADA, plaintiff must allege that (1) he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity or was otherwise subjected to discrimination by a public entity; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010) (citing *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998)). Title II of the ADA applies to state prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206 (1998), *Randolph v. Rogers*, 170 F.3d 850, 857-58 (8th Cir. 1999).

Liberally construing the amended complaint, plaintiff alleges that the defendants have implemented or adopted policies and/or made decisions that resulted in him being housed in unconstitutional and inaccessible conditions. Plaintiff can also be understood to allege that he is a qualified individual with a disability who is being denied meaningful access to the services, programs, or activities of SECC. The Court therefore concludes, for purposes of initial review pursuant to 28 U.S.C. § 1915A, that the amended complaint adequately states claims under the Eighth Amendment and the ADA.

Plaintiff has paid the required civil filing fee in this matter. Consequently, the Court is not responsible for serving process pursuant to 28 U.S.C. § 1915. Plaintiff is advised that, under Rule 4(c)(2) of the Federal Rules of Civil Procedure, "[s]ervice may be effected by any person *who is not a party* and who is at least 18 years of age." (Emphasis added.) This means that plaintiff is not permitted to serve process himself.

Plaintiff should try to find a qualified person to serve process on the complaint pursuant to Rule 4. If plaintiff cannot do so, then he may move the Court, at a later date, to effect service of process. If plaintiff chooses to file such a motion, he must explain to the Court, in writing, what steps he took to locate a qualified person to serve process on the complaint, and why he was unsuccessful.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall cause service to be effected upon the defendants **no later than 90 days from the date of the filing of the amended complaint.** In absence of good cause shown, failure to timely serve a defendant shall result in the dismissal of plaintiff's claims as to that defendant, without prejudice.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of March, 2018.